[No. 3,524.]

## JOHN PETTY *v*. THE COUNTY COURT OF SAN JOAQUIN COUNTY.

JUDGMENT FOR AN ASSAULT.—For the crime of an assault the defendant may be fined not exceeding five hundred dollars, and may be adjudged to pay the costs, and may be imprisoned for the fine, but not for the costs.

IDEM.—If the judgment impose a fine without costs, or if a fine be collected, but the costs imposed by the judgment be not collected, in either case the costs of the officers are to be paid out of the fine collected.

FEES OF REPORTER IN CRIMINAL CASE.—The fees of a reporter in a criminal case are not to be taxed as costs against the defendant.

ERROR IN TAXING COSTS.—If an error is committed by the County Court in the taxation of costs, it must be corrected by a motion.

CERTIORARI TO CORRECT COSTS.—An error committed by the County Court in the taxation of costs cannot be corrected or reviewed on certiorari.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

John Petty was convicted, in the County Court of San Joaquin County, of an assault, and was adjudged to pay a fine of five hundred dollars and the costs, taxed at two hundred and forty-three dollars and thirty-five cents, of which thirty dollars were for reporters' fees, and to be imprisoned until the fine should be paid, at two dollars per day. He applied to the District Court for a writ of certiorari to review the proceedings of the County Court, alleging that the Court had exceeded its jurisdiction. The writ was granted; the proceedings were reviewed by the District Court, and affirmed—the petition being dismissed. From this ruling the petitioner appealed.

*Budd & Scaniker* and *Byers & Elliott*, for Petitioner.

By the COURT:

The meaning of section forty-nine of the Act concerning crimes and punishments, and sections six hundred and thirty-eight and six hundred and seventy-nine of the Criminal Practice Act, construed together, is that, for the crime of assault, the defendant may be fined not exceeding five hundred dollars; that in addition to the fine he may be adjudged to pay the costs of the proceeding, in which case the payment of the fine—but not the costs—may be enforced by imprisonment; that if the judgment impose a fine *without costs*, or if a fine be collected, but the costs imposed by judgment be not collected, in either case the costs of the officers are to be paid out of the fine collected.

Of course under section six hundred and ninety-three of the Criminal Practice Act the fees of the reporter are not taxable as costs against the defendant. But the question of the imposition of costs, their amount, and what items of costs should be taxed, was a subject proper to be considered in the County Court. It had jurisdiction to determine that question. If a mistake was made, or error of fact or law committed in the taxation of the costs, it might have been corrected by timely motion. At all events an incorrect determination in that respect was not an excess of jurisdiction in the County Court, and, therefore, could not be reached upon the writ of certiorari issued by the District Court.

Judgment affirmed.