## STATE OF MISSOURI, Respondent, v. GEORGE WIL-LIAMS, Appellant.

### St. Louis Court of Appeals, February 18, 1902.

1. **Fees: CRIMINAL COSTS: STATUTORY CONSTRUCTION.** Section 2828, Revised Statutes 1899, provides that "when any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs."

2. ———: ———: ———: **COSTS OF PROSECUTOR.** The prosecutor is liable for costs when the accused is committed or recognized by the examining magistrate to answer for a felony and no indictment is found, or if the person charged with a felony is discharged by the officer taking the examination    (section 2835, Revised Statutes 1899) or when upon the trial of any indictment or information the defendant is acquitted and the offense is such as makes the prosecutor liable for costs (section 2836, Revised Statutes 1899).

3. ———: ———: ———: **LIABILITY OF COUNTY FOR COSTS.** The county is not liable in cases of misdemeanor unless the defendant be acquitted and there is no prosecutor who is liable for costs or, in cases   when the defendant is convicted and is unable to pay the costs   (sections 2830 and 2831, Revised Statutes 1899).

4. ———: ———: **COSTS OF JURY.** When the defendant pleads guilty there is no warrant in law for taxing the costs of a jury.

State v. Williams.

Appeal from Newton Circuit Court.—*Hon. Henry C. Pepper,*
Judge.

REVERSED AND REMANDED *(with directions).*

### STATEMENT OF THE CASE.

The appeal is from the action of the circuit court in over-
ruling appellant's motion to disallow the following items of
cost which were taxed by the clerk against the appellant, to-
wit:

"Defendant moves the court to retax and strike out the
following items of costs that have been improperly and ille-
gally taxed against him, to-wit:

### *Isaac Landers, J. P.*

| | |
|---|---|
| Docketing, filing and indexing.................$1 | 10 |
| Warrant and affidavit ....................... | 70 |
| Two commitments ......................... | 70 |
| Issuing two subpoenas ...................... | 50 |

### *I. H. Collier, Sheriff.*

| | |
|---|---|
| Arrest and mileage ......................... 4 | 00 |
| Thirty miles travel for prisoner............... 1 | 50 |
| Two days as guard........................... 2 | 50 |
| Two days support of prisoner................. 2 | 50 |
| Summoning two witnesses for State............ | 50 |
| Thirty miles travel serving same............... 1 | 50 |

### *J. J. Williams, Constable.*

| | |
|---|---|
| Summoning seven witnesses for State.......... 1 | 75 |
| Twelve miles travel ......................... | 60 |
| Taking prisoner to jail....................... 1 | 00 |

State v. Williams.

*Witnesses Before J. P.*

N. M. Rowden, attendance and mileage......... 3 50
Chas. Johnson, attendance and mileage.......... 1 45
Claude Brown, attendance and mileage......... 1 45
Walter Brotherton, attendance and mileage...... 1 45
J. D. Watkins, attendance and mileage......... 1 45
Ed. Higgins, attendance and mileage........... 1 45
Frank Weathers, attendance and mileage........ 1 45
Chas. Degrafenried, attendance and mileage..... 1 45
I. H. Collier, board of defendant from January 7
    to 20.... ...... .................... 7 00

"Because said items of cost were not made in this case, but in another case and in a preliminary examination for a felony, and because said costs were made before the institution of this case by filing information on the twenty-first day of January, 1901.

"Defendant moves the court to retax and strike out the following additional items of cost improperly taxed against the defendant in this case, to-wit:

*Jurors.*

Joseph Allen ....... ...................... $1 50
William Pickens ...... .................. .... 1 30
T. P. Ratliff ........ ...... ............. 1 10
O. J. Ford .... ....... ............ ...... 1 00
Thomas Pruitt ............... ........ .:... 1 00
L. D. Shearer ...:........ .. .......... 1 00
P. L. Barlow ...... ..... .... ..... ....... 1 00
Josh Renfro ...... ...... ....... ....... 1 00
G. W. Cruse ............................. 1 00
J. W. Harris ..... ...... ......... ....... 1 00
William Lea ...... ..... ......... ....... 1 00
A. P. Merrill ...... ...... ............ 1 45
D. S. Seibert ...... ...... .............. 1 50

Peter Ferguson ............................ 1 45
Henry Smith ............................. 1 00
Mat Davis ............................... 1 00
H. T. Woods ............................. 1 00
T. F. Starcher ............................ 1 00
O. M. Slutter ............................ 1 00
Marion Davis ............................ 1 00
A. B. Harris ............................. 1 00
J. E. Curry .............................. 1 00

"The same being for juror fees for persons who were not on the regular panel of jurors and who have not been sworn or qualified as jurors in this cause."

The facts are that Ed Haas, on the fourth day of January, 1901, appeared before Isaac Landers, a justice of the peace in Newton county, and made an affidavit charging the appellant with having, at the county of Newton, stolen and converted to his own use, three thousand pounds of mineral jack of the value of forty dollars, the property of Haas. On this complaint the justice issued his warrant and delivered it to the constable who arrested and committed the appellant to jail. The examination of appellant was set for hearing on January 21. Other proceedings were had which resulted in the accrual of the costs taxed against appellant as having accrued in the justice's court. On January 21 (the day the cause was set for hearing by the examining magistrate) the prosecuting attorney of Newton county filed in the office of the circuit clerk an information duly verified by his oath charging the appellant with the commission of the same larceny that had been lodged against him by Haas before the examining magistrate. On the same day a warrant was issued upon the information for the arrest of appellant and delivered to the sheriff. On this day the prosecuting attorney, the appellant in person and by counsel appeared before the examining magistrate when and where he made the following entry on his docket:

"And now comes the prosecuting attorney and shows to the court by himself, the clerk of the circuit court and the sheriff of Newton county, that on this day and pending the preliminary examination, the prosecuting attorney has lodged an information in the office of the circuit clerk, charging the defendant with larceny, and that the clerk thereupon issued a warrant for the arrest of the defendant for the same offense in the cause charged, and said defendant is arrested by the sheriff, whereupon the justice does consider that this court has no further jurisdiction in the prosecution of this cause, and thereupon certifies the proceedings of this court to the circuit court, with bill of costs accrued.

"ISAAC LANDERS, Justice."

On the thirtieth day of July, 1901, the same being an adjourned term of the regular 1901 term of the Newton Circuit Court, the case against appellant was called for trial and both parties announced ready for trial. The regular panel of petit jurors having been previously discharged a special venire for twenty-four jurors was, by order of the court, issued and delivered to the sheriff, who served the same by summoning and bringing into court the twenty-four persons whose names appear in the bill of costs as jurors. Before the jury was sworn, the appellant withdrew his plea of not guilty and entered a plea of guilty of petit larceny, which plea was accepted by the court and appellant's punishment was assessed at a fine of one hundred dollars and he was sentenced to pay the same together with costs.

In respect to what transpired before the justice on January 21, the following agreed statement of facts was read in evidence on the hearing of the motion to disallow costs, to-wit:

"It is agreed that at the trial in the preliminary examination before Isaac Landers, justice of the peace, in case of State of Missouri v. George Williams, it was claimed and insisted upon by the defendant that he be either tried or the said case dismissed, and the order and disposition of said cause made

by the justice was made against the objections and over the protests of the defendant."

*Horace Ruark* for appellant.

(1) The proceedings for the taxation of costs are entirely statutory, and unless provision is made in the statutes for the taxation against the defendant of the costs complained of, his contention must be sustained. "No one is entitled to any fees of any kind unless he can point to a statute expressly allowing the same. The law conferring such right must be strictly construed because of statutory origin." State v. Wofford, 116 Mo. 220; State v. Union Trust Co., 70 Mo. App. 311. There are two sections of the statute relating to jurors' fees. Section 3258, Revised Statutes 1899, provides for the payment of the fees of jurors who try the case, and section 3784 provides, in certain instances, for the payment of those who are summoned but are not sworn as jurors. Section 3258 provides that "jurors shall be allowed fees for their services as follows: For each juror attending a trial before any court of record, per day, $1.00." This section must be held to apply to jurors who are sworn to try the cause, and does not apply to talesmen who have not and do not attend the trial or serve as jurors. "A juror is a man who is sworn or affirmed as a juror." 1 Bouvier's Law Dictionary, 684; United States v. Marsh, 88 Fed. Rep. 879; 17 Am. and Eng. Enc. of Law (2 Ed.), 1095. Section 3784, Revised Statutes 1899, provides for the payment of talesmen not on the regular panel, where the punishment is death or not less than a specified number of years and no limit fixed to the imprisonment. It will be noticed that the cases where provision is made for the payment of those who do not serve as jurors to try the case, is where the defendant is given time in which to make his challenges, and the persons thus summoned may be held in court a considerable length of time before the challenges are announced.

The Legislature, by providing certain special instances for the payment of those who do not serve as jurors, has by implication excluded all other cases. "The expression of one thing is the exclusion of another." State ex rel. v. Fisher, 119 Mo. 344; State ex rel. v. Withrow, 133 Mo. 500; Railway v. Kellogg, 54 Mo. 334. (2) The record in this case shows that the defendant was guilty of petit larceny and was not guilty of grand larceny. "It is the conviction and sentence which establishes the grade of offenses for the purpose of fixing liability for costs." State v. Carpenter, 51 Mo. 555. The defendant having been guilty of a misdemeanor only, the State must pay all costs which accrued in attempting to make out a felony. The defendant was not guilty of the offense charged in the preliminary examination and was bound to resist it; while it charged with the commission of a misdemeanor only, he might have been willing to plead guilty and thus avoid the costs. These costs having been caused by an error of the State, the defendant can not be held for their payment. State v. Arnold, 47 S. W. 221; Commonwealth v. Peiffer, 80 Pa. St. 191; State v. O'Kane, 23 Kan. 244; In re Gilson's Petition, 34 Kan. 644. (3) The costs sought to be charged against the defendant in the preliminary examination were made before the present action was instituted and in another proceeding, which is no part of this. The filing of the information was the commencement of the prosecution in this cause. Pilot Grove v. McCormick, 56 Mo. App. 530; State v. Powell, 44 Mo. App. 21. The costs of one criminal proceeding can not be taxed upon another, even when the offense charged and the parties are the same. State v. Bazell, 8 So. Rep. 22; State v. McOblevins, 21 Mo. 272; State v. Jones, 37 N. E. 35; Burch v. Dooley, 24 N. E. 110. The action of the justice of the peace in refusing to either try or dismiss the proceeding instituted before him, was without precedent or authority. He should have tried the defendant and either bound him over or

discharged him. This is the only proceeding authorized by statute. R. S. 1899, secs. 2456, 2457.

No brief for respondent.

BLAND, P. J.—I. Section 2828, Revised Statutes 1899, provides that "when any person shall be convicted of any crime or misdemeanor he shall be adjudged to pay the costs." The prosecutor is liable for costs when the accused is committed or recognized by the examining magistrate to answer for a felony and no indictment is found, or if the person charged with a felony is discharged by the officer taking the examination (section 2835, R. S. 1899), or when upon the trial of any indictment or information the defendant is acquitted and the offense is such as makes the prosecutor liable for costs (as for assault and battery). Sec. 2836, R. S. 1899. The county is not liable in case of misdemeanor, unless the defendant be acquitted and there is no prosecutor who is liable for costs or in cases when the defendant is convicted and is unable to pay the cost. Secs. 2830 and 2831, R. S. 1899. Haas, the prosecutor, is not liable for any of the costs that accrued in the prosecution of appellant, nor is the county of Newton liable unless the appellant is unable to pay the costs of the judgment against him; hence it is, if the costs which accrued before the justice are not properly chargeable against the defendant, they can not be taxed as costs in the case at all.

The contention of appellant is that the case that was brought before the examining magistrate is not the same case that was begun in the circuit court by the filing of the information presented by the prosecuting attorney, and in support of his contention cites City of Pilot Grove v. McCormick, 56 Mo. App. 530; The State v. Powell, 44 Mo. App. 21. In each of these cases it was held that an affidavit of a private individual, made under statutory provisions for the apprehension of an offender, was not the commencement of a criminal prosecution and that such prosecutions were not commenced until there was

an indictment or information filed.   The scope and purpose of article 2 of practice and proceedings in criminal cases (vol. 1, p. 657, R. S. 1899) is not to commence a prosecution against the accused but is for the purpose of making a preliminary examination to ascertain whether or not a crime had been committed, and if so, whether or not there is probable cause to believe the accused to be the guilty party, and if so found by the magistrate to commit him to jail or put him under a recognizance to answer an indictment therefor to be preferred by the grand jury, or, as the law now is, to answer either an indictment or an information.   The primary object of a preliminary examination is to hold the accused, if there is probable cause to believe him guilty, in jail or under a recognizance to answer a legal and a formal charge by indictment or information to be thereafter filed in the proper court.

Section 2854, Revised Statutes 1899, requires a justice of the peace to make out and certify and return to the clerk of the circuit court of the county, a complete fee-bill, etc., of the costs which accrued in making preliminary examinations.   After the information was filed by the prosecuting attorney in the circuit clerk's office, it would have been a useless thing for the justice to have proceeded with the examination of the appellant.   He could not discharge him without making an examination, and had he done so the sheriff was present armed with a warrant for the appellant's arrest.   To have made the examination and committed appellant would have accomplished no useful purpose, for the sheriff was present with a warrant for his arrest and commitment.   The justice could not take his recognizance after his arrest by the sheriff and had he done so, before the arrest of the sheriff, the latter officer's duty would have been to disregard the recognizance and to re-arrest the appellant on the warrant he had from the circuit clerk's office.   The functions of the examining magistrate were at an end and he very properly transmitted the proceedings had before him with the bill of costs to the clerk of

the circuit court, and we think this bill of costs.was properly taxed against the appellant under our statutes regulating costs in such proceedings.

Before the amendment to the Constitution, permitting prosecuting attorneys to prefer an information of felony against a citizen, it not infrequently happened that pending a preliminary examination before an examining magistrate the grand jury would meet and take up the investigation of the charge, when the magistrate without making an examination of the defendant would transmit the papers together with his bill of costs to the circuit clerk.    These bills of costs have been uniformly taxed against the defendant if he was indicted and convicted.    The propriety of so doing has not, to our knowledge, been called in question by the profession or any auditing officer of the State.    Similar conditions exist in the case at bar and we think that the law authorized the taxing of the costs that accrued before the examining magistrate against the defendant.

The contention of appellant that he was not convicted of the same offense of which he was charged before the examining magistrate is without merit.    The charge of grand larceny includes all the inferior grades of the same offense and the fact that appellant pleaded guilty of petit larceny was a confession of guilt of the larceny charged by Haas in his affidavit and by the prosecuting attorney in the information.    The larceny charged in the affidavit and information were of the identical goods of Haas, and the offenses are identical.

II.    In respect to the fees of the jurors, there are but two sections of the statutes relative to jurors, summoned as these were.    Sections 3784 and 3257, R. S. 1899.    Section 3784 provides for the payment of jurors not on the regular panel in criminal cases where the offense charged is punishable with death or by imprisonment in the penitentiary for life or for not less than a specified number of years and no limit to the time is fixed, that they are allowed one dollar for each day of

their attendance on court and five cents per mile for traveling in going to and returning from the court.   Section 3258, except as otherwise provided by law, allows one dollar per day for each juror attending a trial.   The offense charged against the appellant is not in the class mentioned in section 3784. The appellant was not tried at all and, therefore, the jury did not attend a trial.   It follows that there is no warrant in law for taxing these fees as costs in the case.

The judgment is reversed and the cause remanded with directions to the circuit court to set aside its order overruling the motion to disallow costs, to reinstate the motion and to overrule it in respect to all costs that accrued before the examining magistrate, and to sustain it as to all costs that have been taxed against the appellant as juror's fees.   *Barclay* and *Goode, JJ.,* concur.