### UNITED STATES v. SMITH et al.

(District Court, M. D. Tennessee, N. E. D. January 29, 1917.)

#### No. 51

COSTS ⬤⟾316—CRIMINAL PROSECUTIONS—JUDGMENT—"COSTS OF THE CAUSE."
Though the term "costs of the prosecution" in Rev. St. § 974 (Comp. St. 1913, § 1615), providing that, when judgment is rendered against a defendant in a prosecution for any fine or forfeiture, he shall be subject to the payment of costs, and that, on every conviction of any other offense not capital, the court may in its discretion award that the defendant shall pay the costs of the prosecution, may be broad enough to include costs not incurred in the trial at which defendant was convicted, an awarding of such costs is discretionary with the court, and a judgment requiring defendant to pay the "costs of the cause" does not require the payment of the costs of the preliminary examination.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1143, 1144.

For other definitions, see Words and Phrases, First and Second Series, Costs.]

W. W. Smith and others were convicted of illicit distilling, and sentenced to be imprisoned and to pay a fine and one-third of the costs of the cause. On motion by the United States to retax the costs. Motion denied.

Lee Douglas, U. S. Atty., of Nashville, Tenn., for the motion.

SANFORD, District Judge. The three defendants were, under Rev. Stat. § 1014 (Comp. St. 1913, § 1674), arrested and brought before a United States Commissioner, on a complaint charging them with illicit distilling, an offense punishable under Rev. Stat. § 3281, as amended by the Act of Feb. 8, 1875, c. 36, § 16, 18 Stat. 307, 310

(Comp. St. 1913, § 6021), by both fine and imprisonment, and were bound over by the Commissioner to the court. And, having been subsequently indicted, tried and found guilty, judgment was rendered, at a former term of this court, that each be imprisoned in a county jail, and pay a fine and one-third of "the costs of the cause." An execution having issued against the defendant Pitcock, upon a præcipe from the United States Attorney, and the costs against him taxed by the clerk, the United States has moved to retax these costs so as to include one-third of the costs of the preliminary proceeding before the Commissioner.

Section 974, Rev. Stat. (Comp. St. 1913, § 1615), provides that when judgment is rendered against a defendant "in a prosecution for any fine or forfeiture" incurred under a federal statute, "he shall be subject to the payment of costs," and that "on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution." Under this section the word "costs" as used in reference to prosecutions for fines or forfeitures, means the "taxable costs of the trial before the court and petit jury in which defendants have been convicted." United States v. Wilson (C. C.) 193 Fed. 1007. That is, in effect, in such cases the word "costs" means merely the taxable costs of the court cause. It is earnestly insisted, however, in behalf of the Government, that "the costs of the prosecution," which under this section may be awarded against a defendant upon conviction for any other offense, not capital, that is, offenses punishable by imprisonment, is a broader term than the word "costs" as used in reference to prosecutions for fines or forfeitures merely, and hence includes other costs of the entire prosecution, such as those incurred in the preliminary proceedings before a Commissioner and grand jury, which may be taxed against a convicted defendant under this section, although not, strictly speaking, costs of the cause. While it may perhaps be that the term "costs of the prosecution" is broader than the word "costs," and may include costs of the prosecution which are not costs of the cause itself, such as the fees of witnesses examined before the grand jury prior to the return of an indictment, this would not strengthen the Government's position in the instant case, since the awarding of the entire "costs of the prosecution" is, under the statute, discretionary with the court, and in the instant case, under the judgment, which was rendered at a former term and has now passed beyond the control of the court, it was not awarded that the defendants pay "the costs of the prosecution," but merely "the costs of the cause." Obviously the costs of the preliminary proceeding before the Commissioner are not part of the costs of the cause, within the definition of "costs" given in United States v. Wilson (C. C.) supra. The preliminary proceedings before the Commissioner are, it is settled, not a part of the cause in the court itself. There is no "cause" in the court until an indictment or information is filed; the filing therein of the Commissioner's transcript not being the institution of a suit, but having as its object the giving of information to the District Attorney that the defendant has been held to bail or committed to await the action of the grand jury. United States v. Van Duzee, 140 U. S. 169, 174, 11

Sup. Ct. 758, 35 L. Ed. 399; and see, by analogy, Virginia v. Paul, 148 U. S. 107, 119, 13 Sup. Ct. 536, 37 L. Ed. 386, and Katz v. Manufacturing Co. (C. C.) 150 Fed. 684, 685. And the papers sent up by the Commissioner constitute no part of the record in the court. United States v. King, 147 U. S. 676, 685, 13 Sup. Ct. 439, 37 L. Ed. 328. It is entirely clear, therefore, that as the proceedings before the Commissioner are no part of the "cause" in court, the costs incurred therein cannot properly be included in taxing costs under a judgment rendered against the defendants for "the costs of the cause" merely.

It is therefore unnecessary to determine whether, if the judgment in this cause had been rendered against the defendants for "the costs of the prosecution" instead of "the costs of the cause," the costs of the preliminary proceedings before the Commissioner would have been taxable against them under such judgment; that is to say, whether the term "costs of the prosecution" as used in section 974 includes anything more than the costs of the cause; whether, if so, the proceeding before the Commissioner is to be regarded, in the light of the decisions in the Van Duzee and King Cases, supra, as part of the prosecution, though not part of the court cause; and, finally, whether, in any event, the costs of such preliminary proceeding could be taxed against the defendants as part of the costs of the prosecution in view of the specific provision in section 1014 of the Revised Statutes that the preliminary proceedings before a Commissioner are to be "at the expense of the United States."

Being, however, clearly of the opinion, for the reasons above stated, that the costs of the proceeding before the Commissioner are in no event taxable under the present judgment for the "costs of the cause" merely, the Government's motion to retax must be denied; and an order will be entered accordingly.