## UNITED STATES v. BRIEBACH.

(District Court, E. D. Arkansas, W. D.   October 1, 1917.)

No. 3810.

1. COSTS ⟨⟩304—CRIMINAL PROSECUTION.

Costs, to payment of which Rev. St. § 974 (Comp. St. 1916, § 1615), provides defendant shall be subject, when judgment shall be rendered against him in prosecution for a fine or forfeiture, are those of the trial under indictment, and do not include those of the preliminary examination, which is not part of the prosecution, and which by provision of section 1014 (section 1674) is "at the expense of the United States."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Costs.]

2. STATUTES ⟨⟩219—CONSTRUCTION—EXTRINSIC AIDS—ATTORNEY GENERAL'S OPINION.

Courts will follow the construction of a statute by the Attorney General only when it was contemporaneous and uniform, and the statute was ambiguous.

John Briebach was convicted, and fine imposed. On motion of defendant to retax costs. Motion sustained.

Gus Fulk, of Little Rock, Ark., for the motion.
W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark., opposed.

TRIEBER, District Judge. The defendant entered a plea of guilty to an information charging him with violation of section 5 of the Post Office Appropriation Act of March 3, 1917 (39 Stat. 1069, c. 162), known as the "Reed Amendment."

[1] By the judgment of the court a fine was imposed and "the costs of the prosecution of this cause." The clerk in taxing the costs included, in addition to the costs of this court, all the costs incurred before the United States commissioner, who held the preliminary examination, which resulted in the defendant being bound over to await the action of the grand jury. He did this in obedience to directions from the Attorney General, given in June, 1916. The defendant moves to retax the costs, claiming that the costs of the hearing before the commissioner are not properly chargeable as costs of this cause. The same question was before the United States Circuit Court for the Southern District of New York, in United States v. Wilson (C. C.) 193 Fed. 1007, and before the United States District Court for the Middle District of Tennessee, in United States v. Smith (D. C.) 240 Fed. 756. In both of these cases it was held that such costs are not taxable against the defendant. The opinion of Judge Sanford in the last case is quite elabo-

rate, and the conclusions reached in these two cases meet with the approval of this court.

Section 974, Rev. St. (section 1615, U. S. Comp. St. 1916), provides:

"When judgment is rendered against the defendant in the prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs."

On the part of the government it is insisted that this includes all costs from the time a person is arrested until the entry of the judgment, including the costs of the examining magistrate, the United States commissioner in this case, as well as those of the marshal and witnesses, who appeared at the examination for the government. This contention is, in the opinion of the court, untenable. A preliminary examination before a United States commissioner, or other officer, is not a case pending in any court of the United States. It was so expressly held in Todd v. United States, 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982; Virginia v. Paul, 148 U. S. 107, 119, 13 Sup. Ct. 536, 37 L. Ed. 386; Post v. United States, 161 U. S. 583, 587, 16 Sup. Ct. 611, 40 L. Ed. 816; Ocampo v. United States, 234 U. S. 91, 100, 34 Sup. Ct. 712, 58 L. Ed. 1231.

Proceedings before a commissioner, or other magistrate authorized to conduct examinations under section 1014, Rev. St. (section 1674, U. S. Comp. St. 1916), are merely preliminary for the purpose of ascertaining whether there is reasonable cause to believe that the person brought before the examining officer has violated a statute of the United States, and, if he so finds, it is his duty to hold or admit him to bail, to await the action of the grand jury. In no sense can it be said that this is a trial, for no judgment or sentence can be pronounced or imposed by the commissioner, or any judge, sitting as an examining magistrate, even if it is the District Judge, who holds the examination. In Virginia v. Paul, supra, it was said:

"Proceedings before a magistrate to commit a person to jail, or to hold him to bail, in order to secure his appearance to answer for a crime or offense, which the magistrate has no jurisdiction himself to try, before the court in which he may be prosecuted and tried are but preliminary to the prosecution, and are no more a commencement of the prosecution, than is an arrest by an officer without warrant for a felony committed in his presence."

In Ocampo v. United States, supra, it was held:

"A finding that there is no probable cause is not equivalent to an acquittal, but only entitles the accused to his liberty for the present, leaving him subject to rearrest. * * * In short, the function of determining that probable cause exists for the arrest of a person accused is only quasi judicial, and not such that, because of its nature, it must necessarily be confided to a strictly judicial officer or tribunal."

To meet this omission in the statutes Congress, in enacting the Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1088), added in sections 135 and 136, originally sections 5399, 5405, and 5406, Rev. St. (Comp. St. 1916, §§ 10305, 10306), the words in section 135, "or [any] officer who may be serving at any examination * * * before any United States commissioner or officer acting as such commissioner, in the discharge of his duty," and in section 136 the words, "or in any examination before a United States commissioner or officer acting as such com-

missioner," thereby clearly indicating that, in the opinion of Congress, an examination before a commissioner or other examining magistrate is not a proceeding in a court, as determined by the Supreme Court in the cases hereinbefore cited.

A commissioner or examining judge has no other power than to commit the defendant to jail or to hold him to bail. The only court in which an accused can be tried; and, if convicted, punished, is the District Court, and only upon an indictment which has been duly presented, or in case of misdemeanors he may be tried upon an information filed by the United States attorney by leave of the court. It is therefore clear that only after an indictment has been returned, or an information filed in the District Court, is there a cause or prosecution pending in a court.

There is some conflict among the decisions of the state courts under statutes somewhat similar to section 974, Rev. St. The Constitution of the state of Washington (article 1, § 22) provides that the accused in criminal prosecutions shall have the right "to have compulsory process to compel the attendance of witnesses in his own behalf." In State v. Grimes, 7 Wash. 445, 35 Pac. 361, the question before the court was whether under this provision the state, or county, were liable for defendant's witnesses at a preliminary examination, there being such liability in the trial court, and it was held that they were not. The court, after holding that the county and state are liable for such costs in the trial court, said:

"But defendant's witnesses at a preliminary examination are an entirely different matter. The constitutional provision referred to applies to trials only, and a preliminary examination is not in any proper sense a trial."

Whether the judgment entered upon a conviction reads "costs in the cause" or "costs of the prosecution" is wholly immaterial. A question left open by Judge Sanford in United States v. Smith, supra.

[2] The construction of the statute by the Department of Justice is entitled to high consideration, but it is not conclusive on the courts. Cornelius v. Kessel, 128 U. S. 456, 9 Sup. Ct. 122, 32 L. Ed. 482; Deweese v. Smith, 106 Fed. 438, 445, 45 C. C. A. 408, 66 L. R. A. 971, affirmed 187 U. S. 637, 23 Sup. Ct. 845, 47 L. Ed. 344; Hemmer v. United States, 204 Fed. 898, 905, 123 C. C. A. 194, affirmed 241 U. S. 379, 36 Sup. Ct. 659, 60 L. Ed. 1055. In Lewis Publishing Company v. Morgan, 229 U. S. 288, 311, 33 Sup. Ct. 867, 57 L. Ed. 1190, the court refused to follow an opinion of the Attorney General in the construction of an act of Congress. It is only when the construction by the department is "contemporaneous and uniform" that it will be followed by the courts, and then only when the language of the statute is found to be ambiguous. United States v. Healey, 160 U. S. 136, 148, 16 Sup. Ct. 247, 40 L. Ed. 369; Wisconsin Central R. R. v. United States, 164 U. S. 190, 205, 17 Sup. Ct. 45, 41 L. Ed. 399. In the last case it was said:

"Some reliance is placed on departmental construction, but we may dismiss that contention with the observation that we do not consider the true construction as doubtful, and that the departmental construction referred to was neither contemporaneous nor continuous."

The statute, digested as section 974, Rev. St., was enacted in 1792, and the construction by the Attorney General that under this act the costs before the commissioner or examining magistrate are properly taxable as costs of the cause or prosecution, was made in June, 1916, more than 124 years after the enactment of the statute. This can hardly be said to be contemporaneous. Until then, the uniform practice of this court, ever since its organization in 1836, and so far as the court has been able to ascertain, of nearly all other national courts, has been not to tax such costs against the defendant. The only reported federal cases in which such costs have been included, which the court has been able to find, is United States v. Leopold (D. C.) 43 Fed. 785, and from the report it seems the only issue raised in that case was whether costs before the commissioner in examinations, in which the defendant was discharged by the commissioner, could be taxed, when the defendant was thereafter indicted on these charges and entered a plea of guilty. The point now in issue seems not to have been raised, and of course was not decided by Judge Hallett.

Another ground upon which the contention of the government must fail is that section 1014, Rev. St. (section 1674, U. S. Comp. St. 1916), expressly provides that such examination before the commissioner, or officer of the state, shall be "at the expense of the United States." Nothing is said, in this or any other statute, that such costs shall be taxed against the defendant upon conviction. It may be proper to add, although in the opinion of the court it is not material, that in the courts of the state of Arkansas it is the uniform practice not to tax the costs of the preliminary examination as costs of a criminal prosecution. The court refers to this only for the reason that the learned District Attorney cited 1 Comp. Dec. 536, where the comptroller held that the statutes of Georgia should be followed in proceedings under section 1014, Rev. St.

The motion to retax the costs is sustained, and the clerk directed not to include any costs, except those of this court.

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes