623 P.2d 584

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Roy A. AYALA, Defendant-Appellant.**

**No. 4601.**

Court of Appeals of New Mexico.

Jan. 20, 1981.

Michael Lewis, Foy, Foy & Jollensten, P. A., Silver City, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Jean Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of aggravated battery with a deadly weapon. Section 30–3–5(C), N.M.S.A.1978. The validity of the conviction is not challenged. Sentence was deferred for 30 months and defendant was placed on probation under specific conditions. One of the conditions was that defendant serve four months in the county jail. The record shows that defendant has served at least part of this jail time. However, defendant raises no issue as to the consequences of this jail time. See *State v. Castillo*, 94 N.M. 352, 610 P.2d 756 (Ct.App. 1980); *State v. Aragon*, 93 N.M. 132, 597 P.2d 317 (Ct.App.1979). Defendant complains only of the assessment of "costs of prosecution" against him. These costs were:

(a) Jury costs in the amount of $1,211.90.

(b) The cost of the bailiffs for the Jury Trial in the amount of $120.00.

We agree with defendant that these costs were improperly imposed. We do not reach the constitutional issues raised; we limit our discussion to: (1) costs as a condition of probation, and (2) costs apart from probation.

### Costs as a Condition of Probation

The parties argue the propriety of the assessment of costs on the basis that payment of the assessed costs was a condition of probation. Under this point we decide the question on that basis.

The trial court may impose conditions of probation authorized by law; conditions of probation unauthorized by law are void. *State v. Holland*, 91 N.M. 386, 574 P.2d 605 (Ct.App.1978).

Section 31–20–6, N.M.S.A.1978 authorizes conditions of probation. The two pertinent provisions are:

A. to pay the actual costs of his probation service not exceeding two hundred dollars ($200) annually in one or several installments;

\*   \*   \*   \*   \*   \*

F. to satisfy any other conditions reasonably related to his rehabilitation.

Being limited to cost of probation service, § 31–20–6(A), supra, did not authorize jury and bailiff costs in prosecuting defendant. Similarly, authorization for conditions reasonably related to rehabilitation in § 31–20–6(F), supra, did not authorize such costs. Why? Because jury and bailiff costs were not "relevant to the offense for which probation was granted." *State v. Holland*, supra; *State v. Gardner*, 95 N.M. 171, 619 P.2d 847 (Ct.App.1980).

Section 31–12–6, N.M.S.A.1978 states: "In every case wherein there is a conviction, the costs may be adjudged against the defendant." See also R.Crim.Proc. 46(b). It is not disputed that defendant was convicted; such was a prerequisite to deferring his sentence. Section 31–20–3, N.M.S.A.1978; *State v. Apodaca*, 80 N.M. 155, 452 P.2d 489 (Ct.App.1969).

■ The general authority to assess costs against a convicted defendant will be discussed in the next issue. At this point our concern is whether this general authority permits the assessment of costs as a condition of probation. We hold that it does not. The Legislature having made a specific provision for costs as a condition of probation in § 31–20–6(A), supra, that specific provision controls over the general provision of § 31–12–6, supra. *New Mexico Bureau of Rev. v. Western Elec. Co.,* 89 N.M. 468, 553 P.2d 1275 (1976). The specific provision did not authorize assessment of jury and bailiff fees as costs.

### Costs Apart From Probation

A permissible reading of the trial court's "judgment and sentence" is that costs were assessed, not as a probation condition, but independently of those conditions. Under such a reading, were the costs properly assessed?

*State v. Hanson,* 92 Idaho 665, 448 P.2d 758 (1968) points out that "[a]ssessment of costs in criminal cases is a statutory creation, unknown at common law . . . so we must seek such authority from our statutes."

*United States v. Pommerening,* 500 F.2d 92 (10th Cir. 1974) states: "Statutes relating to taxable costs are to a degree penal in character. As a result, they must be strictly construed and items to be taxed must be within the express language of the statutes."

Section 31–12–6, supra, authorizes assessment of costs against a convicted defendant. · The authorization, based on a conviction, permits assessment of costs against a defendant whose sentence is deferred, as in this case.

But what costs? *City of Portales v. Bell,* 72 N.M. 80, 380 P.2d 826 (1963) points out that what is now § 31–12–6, supra, "does not specify what are the particular items of costs." *City of Portales* than refers to a general rule "that costs of prosecution do not include the general expense of maintaining a system of courts and the administration of justice."

The Idaho statute involved in *State v. Hanson,* supra, similar to § 31–12–6, supra, did not specify the particular items of costs. *Hanson* states: "Several courts have determined that jury costs are a general expense of maintaining the system of courts and the administration of justice, and that such costs are more properly an ordinary burden of government." *Hanson* adopted this view and held jury costs could not be assessed against a defendant in a criminal case.

*Johnson v. State,* 532 P.2d 598 (Wyo.1975) held that neither jury nor bailiff expenses could be taxed as costs of prosecution against the convicted defendant. *Gleckman v. United States,* 80 F.2d 394 (8th Cir. 1935) disallowed jury and bailiff fees as cost items. "These items . . . [are] the expense incurred by the government in providing a tribunal, that is, a judge and jury for the trial of the case . . . ." Such expense was "the general expense of maintaining the system of courts and the administration of justice, all of which is an ordinary burden of government." See *United States v. Murphy,* 59 F.2d 734 (D.C.S.D.Ala.1932); *State v. Jungclaus,* 176 Neb. 641, 126 N.W.2d 858 (1964). Generally, see Annot., "Items of costs of prosecution for which defendant may be held", 65 A.L.R.2d 854 (1959).

■ Following *City of Portales v. Bell,* supra, and the above-cited cases holding jury and bailiff costs are part of the general expense of maintaining a system of courts and the administration of justice, we hold the jury and bailiff costs were improperly assessed against defendant if they were assessed independently of any condition of probation.

The costs assessed against defendant are set aside. The remainder of the judgment and sentence is affirmed. An amended judgment and sentence are to be entered consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ, C. J., and LOPEZ, J., concur.