637 P.2d 843

STATE of New Mexico,
Plaintiff-Appellee,

v.

VALLEY VILLA NURSING CENTER,
INC., Defendant-Appellant.

No. 5408.

Court of Appeals of New Mexico.

Nov. 17, 1981.

B. James Reeves, Campbell, Reeves, Burn & Burn, P. A., Las Cruces, for defendant-appellant.

Jeff Bingaman, Atty. Gen., John F. Kennedy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Pursuant to a plea bargain, defendant pled guilty to one count of making or permitting a false claim for reimbursement for public assistance services. Section 30–40–4, N.M.S.A.1978 (1980 Repl.Pamph.). The trial court ordered defendant to reimburse the Human Services Department for medicaid overpayments received by defendant in an amount not to exceed $13,000.00; the trial court fined defendant $3,000.00. Neither the reimbursement nor the fine is involved in this appeal. The trial court also ordered defendant to "pay the costs of these proceedings" as certified by the court clerk. The issue is the propriety of the costs assessed against defendant. Compare State v. Chavez, 86 N.M. 199, 521 P.2d 1040 (Ct. App.1974).

The clerk certified costs as follows:

[T]he Court incurred expenses in connection with the above captioned cause in which the Court convened a Grand Jury for the purpose of investigating medicare and medicaid fraud in Dona Ana County;

That the costs incurred were for payment of mileage and per diem to jurors, payments to Court Reporters for taking a verbatim record of testimony before the Grand Jury, bailiff fees, and for approximately one thousand (1,000) copies of documents presented to the Grand Jury by the Office of the Attorney General.

That the above expenses are itemized as follows:

| | |
|---|---:|
| Jurors | $3,197.67 |
| Bailiff | 180.00 |
| Court Reporter | 625.51 |
| Copies | 100.00 |
| TOTAL | $4,103.18 |

Defendant moved to disallow the costs on the basis that these costs were not authorized. The trial court denied the motion; defendant appealed.

We proposed summary reversal "on the ground that State v. Ayala, 95 N.M. 464, 623 P.2d 584 (Ct.App.1981), holds that the items of costs taxed by the court are not properly assessed against a defendant in a criminal case." The State timely filed a memorandum opposing summary reversal.

1. The State asserts the facts in Ayala, supra, are different from this case. In Ayala, supra, the costs involved were for the trial jury and for the bailiff during the trial. In this case, the costs were incurred in connection with grand jury proceedings. This factual difference does not make the legal rules, discussed in Ayala, supra, inapplicable to this case.

Ayala, supra, (1) pointed out that the statute concerning costs, § 31–12–6, N.M.S.A.1978, authorized an assessment of costs against a defendant "[i]n every case wherein there is a conviction"; see also R.Crim. Proc. 46(b); (2) pointed out that this statute did not specify what costs could be awarded; and (3) held that the jury and bailiff costs could not be imposed because those costs were part of the general expense of maintaining a system of courts and the administration of justice.

What the State overlooks in Ayala, supra, is: (1) assessment of costs in criminal cases, unknown at common law, requires statutory authority, see § 30–1–3, N.M.S.A. 1978; and (2) statutes authorizing costs in criminal cases, being penal in nature, are to be strictly construed. Therefore, items

taxed as costs must come within the express statutory language. We apply these rules later in this opinion.

2. The State relies on the one paragraph *per curiam* opinion in *State v. Fife*, 3 A. 461 (Me.1886), as authority for assessing grand jury costs against a convicted defendant. That opinion, however, cites statutes as authority for the assessment. The *per curiam* opinion in *Petty v. Co. Court San Joaquin Co.*, 45 Cal. 245 (1873), held that under the California statute the fees of the reporter, at trial, were not taxable as costs against the defendant. *United States v. Murphy*, 59 F.2d 734 (D.C.S.D.Ala.1932), examined the statutes to determine what fees, claimed by the district attorney, could be assessed against a defendant. *State v. Williams*, 92 Mo.App. 443 (1902), held that only two statutory provisions pertained to juror fees as costs and neither statute authorized the taxing of juror fees as costs under the facts of that case. The only New Mexico statute relied upon by the State is § 31–12–6, supra, and as *Ayala*, supra, points out, that statute does not specify what costs can be awarded.

3. The State asserts that the grand jury costs in this case cannot be considered as part of the general expense of maintaining a system of courts and administration of justice. The State relies on the following ruling of the trial court:

> The Grand Jury was convened primarily to determine if defendant had violated any laws of the State of New Mexico. Dona Ana County does not have a standing Grand Jury so this Grand Jury was directly caused by defendant.

See *State v. Thomson*, 188 Kan. 171, 360 P.2d 871 (1961).

The State cites *City of Portales v. Bell*, 72 N.M. 80, 380 P.2d 826 (1963), in support of the trial court's ruling. In that case the county had an unusual cost; that cost was the travel expense of the non-resident judge who tried the case. In upholding this cost award, *City of Portales* states:

> [W]here an item of costs has a direct relation to the case being tried, we see no objection to its being assessed against the defendant.... We take the view that the costs ... are not improper, and may be assessed against a defendant where such assessment is reasonable as an incident to the trial of the case itself.

We have difficulty both with the reasoning of the trial court and the reasoning in *City of Portales*, supra. Why should an authorized, but little used, method for instituting criminal charges in Dona Ana County justify the assessment of costs in the absence of legislative authorization for such costs? Why should "direct relation" costs be assessable in the absence of legislative authorization? What justifies a departure, in New Mexico, from the general rule that costs are penal in nature and may not be assessed against a defendant in a criminal case without express legislative authorization?

We need not resolve these questions in this case because the grand jury costs in this case are not authorized by § 31–12–6, supra.

■ 4. Even if any grand jury expense is an unusual expense in Dona Ana County, and even if costs of the indicting grand jury have a direct relation to defendant, § 31–12–6, supra, does not authorize the assessment of grand jury expenses as costs against a convicted defendant. Thus, we do not consider whether the attorney general's expense for copying documents could be considered a grand jury expense.

■ Section 31–12–6, supra, authorizes the assessment of costs "[i]n every case wherein there is a conviction ...." A grand jury determines whether a public offense has been committed. Section 31–6–9, N.M.S.A.1978. It also determines whether "there is probable cause to accuse by indictment the person named, of the commission of the offense so that he may be brought to trial therefor." Section 31–6–10, N.M.S.A. 1978 (1981 Cum.Supp.). The grand jury does not convict; costs incurred in grand jury proceedings are not costs incurred in a case wherein there is a conviction. This criminal case was commenced when the indictment was filed. Rule of Crim.Proc. 5.

Costs incurred before a criminal case is commenced are not costs in a case wherein there is a conviction. *State v. Williams, supra.*

*In re Costs on Violation of Fishery Laws,* 6 Alaska 130 (1919), considered a statute that authorized an assessment of "'the costs of the prosecution.'" That case held that the statute did not "include costs before preliminary magistrates or before grand juries . . . ." See also, *United States v. Smith,* 240 F. 756 (D.C.Tenn.N.E.D.1917).

Section 31–12–6, supra, not authorizing the assessment of grand jury costs against defendant, the trial court erred in refusing to disallow these costs.

The cause is remanded with instructions to grant defendant's motion to disallow the grand jury costs.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.