2003-NMCA-139

80 P.3d 501

**STATE of New Mexico**
**Plaintiff–Appellee,**

v.

**Pamela HUDSON, Defendant–Appellant.**

No. 23,569.

Court of Appeals of New Mexico.

Oct. 1, 2003.

Patricia A. Madrid, Attorney General, Frank D. Weissbarth, Assistant Attorney General, Rosemary P. McCourt, Special Assistant Attorney General, Santa Fe, for Appellee.

Pamela Hudson, Roswell, Pro Se Appellant.

**OPINION**

SUTIN, J.

{1} Having successfully challenged her speeding conviction, Defendant now seeks to recover the costs of her appeal. We conclude that, because there is no statutory provision for recovery of costs against the State in a criminal proceeding, Defendant is not entitled to her costs.

{2} Defendant was convicted in magistrate court of speeding and appealed that conviction to district court. The officer who issued the speeding citation and who prosecuted the case in magistrate court represented the State in district court. Holding that the officer had no authority to prosecute the case against Defendant in district court, we reversed the conviction in a memorandum opinion filed June 23, 2003. Before us now is Defendant's motion to recover her costs in the magistrate court and district court proceedings, and on appeal.

{3} Rule 12–403(A) NMRA 2003 states that "[i]n all proceedings in the appellate court the party prevailing shall recover the party's costs unless otherwise provided by law, by these rules, or unless the court shall otherwise determine. Costs may be apportioned by the appellate court in such manner as it may direct." There is no question that Defendant is the prevailing party in this case. The question, one of first impression, is whether a criminal defendant can recover costs against the State when the appeal results in a reversal.

{4} Citing *Kirby v. N.M. State Highway Dep't*, 97 N.M. 692, 643 P.2d 256 (Ct.App. 1982), Defendant argues that costs can be recovered against any losing party, including the State. *Kirby*, however, is a civil case and relies on a statute that allows the prevailing party in all civil actions to recover costs against the losing party. *See* NMSA 1978, § 39–3–30 (1966). We held that, because the Tort Claims Act did not limit recovery of costs against the State, Section 39–3–30 provided the statutory support for the award of costs against the State. *Kirby*, 97 N.M. at 699, 643 P.2d at 263. *Kirby* is not applicable authority for this case.

{5} Costs in criminal cases were unknown at common law, and liability for such costs arises only from statutory enactment. *See United States ex rel. Phillips v. Gaines,* 131 U.S. Appendix clxix (1880); *Eisen v. Multnomah County,* 31 Or. 134, 49 Pac. 730, 731 (1897) (stating that there is a distinction between the status of the State instituting a prosecution in its sovereign capacity to enforce the laws or protect its citizens and the status of the State suing to enforce rights of property as any private citizen might do). This Court has followed that settled rule in cases where defendants have appealed the award of costs against them. *State v. Valley Villa Nursing Ctr., Inc.,* 97 N.M. 161, 162–63, 637 P.2d 843, 844–45 (Ct.App.1981); *State v. Ayala,* 95 N.M. 464, 466, 623 P.2d 584, 586 (Ct.App.1981).

{6} In *Valley Villa* and *Ayala,* we pointed out that NMSA 1978, § 31–12–6 (1972) authorizes assessment of costs against a criminal defendant "[i]n every case wherein there is a conviction." *Valley Villa,* 97 N.M. at 162, 637 P.2d at 844; *Ayala,* 95 N.M. at 465, 623 P.2d at 585. Thus, there is statutory authority for an award of costs against a convicted defendant in a criminal case. We also stressed that "[s]tatutes relating to taxable costs ... must be strictly construed and items to be taxed must be within the express language of the statute[ ]." *Ayala,* 95 N.M. at 466, 623 P.2d at 586 (internal quotation marks and citation omitted); *Valley Villa,* 97 N.M. at 162–63, 637 P.2d at 844–45. Our Supreme Court strictly construed the statute to apply only to convicted defendants, not their attorneys. *State v. Rivera,* 1998–NMSC–024, ¶ 7, 125 N.M. 532, 964 P.2d 93.

{7} We do not interpret Section 31–12–6 to authorize costs to be awarded against the State in a criminal case. No statutory provision exists in New Mexico for the recovery of costs against the State in a criminal case. The Legislature has made a conscious determination that only a convicted defendant will be liable for costs. *See State v. Yarborough,* 1996–NMSC–068, ¶ 5, 122 N.M. 596, 930 P.2d 131 (Baca, J., dissenting) (observing that failure to include certain language in statute demonstrates conscious decision to exclude that language); *State v. Henderson,* 116 N.M. 537, 541, 865 P.2d 1181, 1185 (1993) (providing that appellate courts are reluctant to presume that Legislature disagrees with judicial interpretation of a statute when the Legislature took no steps to change the statute after prior judicial interpretation), *overruled on other grounds by State v. Meadors,* 121 N.M. 38, 908 P.2d 731 (1995).

{8} We hold that Defendant may not be awarded her costs for the magistrate court and district court proceedings or her costs on appeal. Defendant's motion is denied.

{9} **IT IS SO ORDERED.**

CASTILLO and KENNEDY JJ., concur.