This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellant,

v.                                                          **NO. 35,625**

**ALBERT SANCHEZ,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Office of Kari Morrissey
Kari Morrissey
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     The State appeals from the district court's order sanctioning the Bernalillo County District Attorney's Office (D.A.'s Office) and ordering it to pay $889.20 in juror costs, payable to the Second Judicial District Court Clerk. This Court issued a notice of proposed disposition in which we proposed to affirm. The State filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In our notice of proposed disposition, we proposed to conclude that the State had not demonstrated that the district court abused its discretion by imposing a monetary sanction against the D.A.'s Office for its failure to comply with the plea deadline. To the extent that the State was arguing that Defendant should have also been sanctioned for his alleged failure to comply with the scheduling order, we were not persuaded. To the extent that the State was claiming that "requiring a sanction or cost payment [to] be tendered to anyone other than the [district c]ourt's [c]lerk, to be then transmitted to the [S]tate [T]reasurer for credit to the current school fund of New Mexico, is contrary to law[,]" this issue appeared to be moot. [CN 7-8]

{3}     In response, the State asserts that "[o]nly one issue is presented on appeal—the propriety of the district court's sanctioning of the Second Judicial District Attorney's office in the monetary amount of $889.20 which were the jury costs as calculated by

2

the jury division of the district court." [MIO 1] Although the State asserts that it does not dispute that, under Local Rule 2-400.1(J)(4) NMRA, the district court may sanction the State for failing to comply with a scheduling order; the sanction can include monetary sanctions; and the State failed to comply with the scheduling order in this case, the State argues that "a monetary sanction is different from costs and that distinction must be preserved." [MIO 1-2] The State maintains that costs cannot be assessed against the State in criminal cases because there is no statutory provision that allows for such costs. [MIO 2-7]

{4}     We understand that "[c]osts in criminal cases were unknown at common law, and liability for such costs arises only from statutory enactment." *State v. Hudson*, 2003-NMCA-139, ¶ 5, 134 N.M. 564, 80 P.3d 501. We also recognize that "[n]o statutory provision exists in New Mexico for the recovery of costs against the [s]tate in a criminal case." *Id.* ¶ 7. However, pursuant to the plain language of Local Rule 2-400.1(J)(4), the district court was *required* to sanction the State for its failure to comply with the scheduling order. *See id.* ("If a party fails to comply with any provision of the scheduling order, the court *shall* impose sanctions as the court determines is appropriate in the circumstances, such as suppression, exclusion, dismissal, *monetary sanctions against either the attorney or the attorney's government agency*, or any other sanction deemed appropriate by the [c]ourt.")

3

(emphasis added)). In this case, the district court chose to impose a monetary sanction against the State equivalent to the amount of money to pay for the juror costs, minus the cost for refreshments that were provided to the jurors. [CN 4]

{5}     While not directly on point, we suggest that the facts in *State v. Rivera*, 1998-NMSC-024, 125 N.M. 532, 964 P.2d 93, are instructive in this case. In *Rivera*, "[t]he district court assessed costs . . . against . . . Albert J. Rivera, a criminal defense attorney, following Rivera's withdrawal of a motion to suppress shortly before a scheduled hearing on the motion." *Id.* ¶¶ 1, 21. Following certification by this Court, our Supreme Court held "that there [was] an insufficient basis to support the court's order as an exercise of indirect civil contempt[, and] . . . no other authority exist[ed] for the trial court's assessment of costs against Rivera." *Id.* ¶ 21. Therefore, the Supreme Court reversed the district court's assessment of costs against Rivera. *Id.* The Court reasoned that "[n]o court rule or order indicated a particular time period within which Rivera was required to act, and the failure to convey a decision made as soon as it was made does not seem inherently contemptuous." *Id.* ¶ 12; *see also id.* ¶ 14 ("Rivera could not violate a court order when one was not in place.").

{6}     Unlike the facts in *Rivera*, there was a scheduling order in place in the present case; it is undisputed that the State failed to comply with the scheduling order; pursuant to Local Rule 2-400.1(J)(4), the district court was required to sanction the

4

State for failing to comply with the scheduling order; and a monetary sanction was a permissible sanction. In light of the foregoing, the State has not demonstrated that the district court erred in imposing the monetary sanction in this case. *See State v. Harper*, 2010-NMCA-055, ¶ 11, 148 N.M. 286, 235 P.3d 625 ("We will not disturb a district court's order imposing sanctions absent an abuse of discretion."), *rev'd on other grounds by* 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25; *see Harper*, 2010-NMCA-055, ¶ 11 (stating that "[a]s the [a]ppellant, it is the [s]tate's burden to establish an abuse of discretion").

{7}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____
                                                **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**