UNITED STATES v. MURPHY.

District Court, S. D. Alabama.

July 8, 1932.

See, also (D. C.) 50 F.(2d) 455.

Harry T. Smith & Caffey, of Mobile, Ala., for the motion.

Alex C. Birch, U. S. Dist. Atty., of Mobile, Ala., opposed.

ERVIN, District Judge.

This matter comes on to be heard on the motion of John G. Murphy, who was convicted on the prosecution and moves to retax the costs taxed against him in the cause.

This case was tried three times; the first trial resulted in a judgment of conviction, which was set aside, the second resulted in a mistrial, and on the third, the defendant was again convicted.

The first item to be retaxed consists of stenographic services rendered on the various trials, and in the matter it is agreed by the

government that the motion should be granted because there was an understanding between the United States and the defendant as to the payment of the stenographic charges. The first ground of the motion is therefore granted.

■ The second item objected to is in the matter of a number of witnesses who were summoned and yet were not examined on the trial. Among these witnesses were Edward Samuels, Reginald Clarke, Charles Kelly, Joseph G. Myers, Robert Lee Powell, and Louis Moore, all of whom were members of the crew at the time of the foundering of the vessel, which foundering was charged in the prosecution to have been intentionally brought about by the defendant John G. Murphy. I can readily conceive that the testimony of these witnesses under certain phases of the case could have become very material. The motion is therefore denied as to these witnesses.

One of the other witnesses, Dr. J. K. Griffith, was brought over to testify in rebuttal of testimony given by Mrs. Hursey, and I can see how his testimony may have been very material in the case. The motion is overruled as to him.

■ The other witness, J. E. P. Hocken, presents a very different aspect. The testimony showed that Martinez, who was an officer of the foundered vessel and was charged in the indictment with having conspired with Murphy to bring about her sinking, and who first disclosed the facts to the agent of the insurance companies who were defending the claim for insurance on the said vessel, was brought from Spain to New York by these insurance companies. In New York he was placed in the custody of Hocken. When he came to Mobile as a witness in the case he came in the custody of Hocken, who was the agent of the various insurance companies.

When the first trial began, the court ordered Martinez and Fulford, another conspirator, both of whom had then pleaded guilty and had been made the states witness, to be confined in the Mobile county jail in the custody of the marshal during the progress of the trial. Upon motion of the government thereafter made, these two witnesses were turned over to the custody of the said Hocken, who had charge of them during the trial. When the case was called, Hocken was sworn as a witness, but the court was asked to excuse him from the rule on the ground that he was an experienced navigator and familiar with the construction of vessels and was needed in an advisory capacity by the District Attorney in the prosecution of the case. The request was granted by the court, and Hocken thereafter stayed in court giving assistance to the District Attorney in the prosecution of the case. This witness knew nothing of the facts of the case, and I don't see anything in the case which, under any contingency, could have rendered his testimony pertinent to the trial. His knowledge of navigation and construction may have been of assistance to the District Attorney on trial, but I don't see anywhere in the trial that any testimony he could have given would have been pertinent. He was here as the agent of the insurance companies and as the custodian of Martinez.

■ The two grounds of the motion are granted so far as the mileage and attendance of Hocken are concerned. The third ground of the motion goes to the costs incurred in the care of the jury during the three trials. The jury was ordered kept together on each trial from the time they were sworn in to the time they were discharged. This order was made at the instance of the government. The costs incurred were the hotel accommodations for the jury at night and their food. The government pays the costs of summoning the jury and their attendance; it pays the salary of the judge and the District Attorney, and of the marshals. None of these items are chargeable in the costs taxed against the defendant. If the judge happens to be from another district, his per diem, not to exceed $10 per day, is also paid by the government and not charged in as costs of any trial.

The statute authorizes the court in a criminal case to order the jury kept together and maintained during the trial. It seems to me that under these circumstances this charge is one the government assumes in giving to the various litigants a tribunal in which the trials may be had, and therefore is not properly chargeable against a defendant who is being tried on a criminal prosecution.

The third ground of the motion is therefore granted.

■ The fourth ground is to an item under the head of care of witnesses in May. From the argument I assume that this item was for boarding Martinez and Fulford in a hotel while in the custody of the other witness, Hocken, during the first trial. As before stated, these witnesses were first ordered to be confined in jail for safe-keeping during the trial. Thereafter on motion of the government they were delivered to the care of the witness, Hocken, who kept them at a

hotel during the trial, and on the assumption that it was the amounts paid for their hotel accommodations I grant the fourth ground of the motion, for I cannot see how the government could require these witnesses to be put in the custody of another man who was not an officer of this court nor of this state, and then undertake to charge the defendant with the costs of their accommodations in a first-class hotel if such custodian chooses to keep them there.

The fifth item of the motion appears to be the mileage of the witnesses; but there is no evidence showing what witnesses nor what mileage. The clerk will therefore check up the ruling as to the various witnesses whose claims have been ruled on heretofore in this opinion and exclude from the mileage allowance the amounts claimed by such witnesses whose claims have been denied. The mileage of such witnesses whose claims have been allowed will be allowed.

Number six of the motion goes to certain charges as cost of $20 for attorney's docket fee, $30 for counsel fee, $5 for service on appeal of District Attorney, and certain charges at $5 per day for twelve days' attendance of the District Attorney at one trial, $35 at $5 per day for the District Attorney's attendance at another time, and $40 at $5 per day for the third trial. While these various charges are made in the name of the District Attorney, all costs calculated for services rendered by him are now covered into the Treasury by special acts which put the District Attorney upon a salary basis.

Section 571, title 28 USCA provides: "The following fees and no other shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, and to district attorneys, except in cases otherwise expressly provided by law."

Section 572, title 28 USCA provides: "On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of $20."

It seems to me therefore, that the one docket fee of $20 is the proper charge, but the other items of $30, $5, $60, $35, and $40 should be disallowed.

The seventh ground of the motion goes to various items; namely, execution of warrant on James A. Fulford on November 3, 1930, attendance of James A. Fulford before commissioner on November 4, 1930, expense of taking defendant, James A. Fulford, to the Galveston jail on November 3, 1930, expense of taking James A. Fulford from Galveston to Houston on November 4, 1930, and expense of taking defendant James A. Fulford from Houston to Mobile on November 10, 1930.

Fulford was one of the defendants being prosecuted under the same indictment as the defendant Murphy, and these items relate to the arrest, examination, and transportation of Fulford as a defendant from Galveston to Mobile. Subsequent to that time, Fulford pleaded guilty and thereafter was used as a witness against Murphy by the government.

I don't see how the expense of arresting Fulford as a defendant and bringing him to Mobile where he pleaded guilty before he was ever called or used as a witness against Murphy should be charged against Murphy. The objection is therefore sustained as to these various items.

The eighth ground of the motion goes to items paid to Martinez and Fulford respectively as witnesses, which include the expense of these witnesses coming to Mobile, the place where Murphy was tried. These items relate to the second and third trials of Murphy, and, before the first trial was entered upon, both Fulford and Martinez pleaded guilty. Thereafter they were made government witnesses, and both testified at each of these trials against Murphy. I see no reason why they should not be used as witnesses after they had pleaded guilty, though they had in fact not been sentenced at the time they were used as witnesses. They were not then being prosecuted, and, as a matter of fact, were not sentenced until after the final conviction and sentence of Murphy. The eighth ground of the motion is therefore overruled.