## No. 11,011.

### WAELCHLI v. THE PEOPLE.

Decided April 6, 1925.

Plaintiff in error was convicted of assault to rape, and taking indecent liberties with a female child.

*Affirmed in Part.*

*Reversed in Part.*

1. CRIMINAL LAW—*Rape—Information.* In charging the crime of statutory rape allegations that the female person assaulted

was not the wife of the person committing the assault, and that she was unmarried, are essential.

*Error to the District Court of the City and County of Denver, Hon. John T. Shumate, Judge.*

Messrs. BARDWELL, HECOX, McCOMB & STRONG, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. FRED S. CALDWELL, Assistant, Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE plaintiff in error, defendant in the court below, was convicted upon both counts of an information purporting to charge him in the first count with assault with intent to commit rape upon a female person under the age of 18 years, and in the second count charging him with taking indecent and improper liberties with the person of a female child under the age of 16 years.

Defendant was sentenced to the penitentiary for a term of not less than 11 years nor more than 14 years on the first count of the information, and for a term of not less than five years nor more than ten years on the second count of the information, the sentence imposed as to the second count to run concurrently with the sentence imposed as to the first count. Defendant brings the case here for review.

The first count in the information does not allege that the female person assaulted was not the wife of the person committing the assault, nor does it allege that the female was unmarried, essentials in the crime of rape. The Attorney General, on behalf of the people, has confessed error as to the judgment upon the first count. The plaintiff in error has withdrawn his assignments of error

so far as the same pertain to or affect the judgment as to the second count of the information. It follows that the judgment of the lower court should be reversed in part and affirmed in part.

Judgment reversed as to the first count in the information with instructions to set aside the judgment on that count and dismiss the same, and judgment affirmed as to the second count in the information.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.