## No. 15,801.

### MAYER *v.* THE PEOPLE.
(180 P. [2d] 1017)

Decided April 28, 1947. Rehearing denied May 19, 1947.

Messrs. ROGERS, BRUNO & ROGERS, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was convicted of assault with intent to commit rape, and kidnapping, and sentenced on each count to six to ten years, sentences to run concurrently. To review that judgment he prosecutes this writ. His six specifications amount to but two: 1. The verdict is unsupported by

the evidence; 2. Certain instructions given by the court were erroneous.

The first count of the information charges an assault upon the prosecuting witness, hereinafter designated as Mrs. G., "by force and violence," and that defendant did so "attempt to carnally know and rape"; the second count charges that defendant did "forcibly and without the consent [of Mrs. G.] abduct, seize, carry, steal away and secrete" her.

Mrs. G. testified that at about 7:00 p.m. she was standing on a Denver street corner waiting for a car, when defendant drove up in his automobile and asked her to accompany him. Receiving no response he parked his machine a short distance away and returning displayed some kind of a badge and asserted that he was a special policeman with orders to pick her up. He took her name, age and address and ordered her into the car for the purpose, as he stated, of taking her to the police station. Protesting her innocence of any wrongdoing, she requested that she first be permitted to go to her mother's home and report. Defendant answered that he had no time and that she was under arrest. So believing, she entered the car, observing on the front seat a gun and a flashlight. Defendant drove about for some time and started east. Mrs. G. insisted that the station was in the opposite direction. Disregarding her protest, defendant eventually arrived at a dark and isolated place, stopped the car and indulged in some amorous advances. Being resisted he produced the gun, showed her that it was loaded, asked her if she was not afraid and told her if she didn't do what he wanted her to do he would shoot her. A struggle ensued during which one Louise Shelver, owner of nearby property who had some difficulty with trespassers, discovered the car parked in a field and noticed the lights going on and off. Taking her own car and accompanied by a young boarder she drove to the vicinity with her lights out. A short distance from defendant she turned them on and saw Mrs. G. trying to

get out of the car and heard her cry out. She went promptly to the police station and reported. During the struggle Mrs. G. had screamed, and defendant attempted to stifle her. The result was that defendant drove rapidly away, spent some time circulating about the city and finally, extorting from his victim a promise to say nothing about the occurrence, he permitted her to dismount. She promptly reported to the police. Some time later defendant, in police custody on another matter, and again on the trial, was positively identified by Mrs. G. and on the trial she was; with equal clarity, identified by Louise Shelver as the woman whom she had seen struggling in defendant's car and whom she had heard scream. Defendant did not take the stand and the only evidence offered in his behalf was the testimony of his mother with whom he lived. She said that at about 9:00 p.m. on the night in question (at which time according to the prosecuting witness defendant was with her in the car) he was at home where she treated him for an affliction from which he was suffering.

 1. The undisputed evidence was ample to support the verdict of the jury and requires no further comment.

 2. The charges in the information are substantially in the language of the applicable statutes. '35 C.S.A., §§ 66, 67, 77. The argument based upon objections to certain instructions given is that, there is no evidence of intent to commit rape, and no evidence of forcible abduction to support the charge of kidnapping. Similar objections under similar facts have been met and disposed of heretofore by this court and require no additional comment. *Harlan v. People,* 32 Colo. 397, 401, 76 Pac. 792; *Dickens v. People,* 60 Colo. 141, 145, 152 Pac. 909; *Militello v. People,* 95 Colo. 519, 522, 37 P. (2d) 527. See, also, *Moody v. People,* 20 Ill. 315; *People v. Hope,* 257 N.Y. 147, 177 N.E. 402.

 It is further contended that it was not shown that Mrs. G. was not the wife of defendant, and in support thereof his counsel cite *Waelchli v. People,* 77

Colo. 147, 234 Pac. 1113. The information so charged, and Mrs. G. testified that she was divorced, was living with her father and mother, and had never before seen defendant, and that he asked her name. *Schreiner v. People,* 95 Colo. 392, 36 P. (2d) 764. In addition thereto this question was not raised either by motion for a new trial or assignment.

Much is said by counsel for defendant on the question of alibi, a disputed fact clearly within the province of the jury and hence one with which this court has no concern.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE HAYS and MR. JUSTICE LUXFORD concur.