No. 16,195.

Brown $v$. The People.

(210 P. [2d] 837)

Decided October 10, 1949.

Mr. Merritt D. Vondy, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. JOSEPH E. NEWMAN, Deputy, Mr. RAYMOND B. DANKS, Assistant, for the people.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

BY information filed in the district court of Kit Carson county, Leonard Brown, to whom we shall hereafter refer as the defendant, was charged with statutory rape allegedly committed July 16, 1948, upon the person of a sixteen year old girl. The defendant entered a plea of not guilty and upon the trial of the cause the jury returned a verdict of guilty as charged. Upon denial of defendant's motion for a new trial judgment was entered on the verdict and defendant was sentenced to serve not less than three years nor more than five years in the state penitentiary.

In the motion for a new trial filed by defendant it is alleged: 1st. "That the court erred in denying the defendant's motion to direct the verdict in favor of the defendant at the conclusion of the state's testimony." 2nd. "That the evidence of the state was insufficient to justify the jury in finding for the state and finding the defendant guilty and did not prove the defendant guilty beyond a reasonable doubt."

Specifically, counsel for defendant here argues that there is insufficient corroboration of the testimony of the prosecutrix to sustain the judgment; that the venue of the action was not established; that there was no proof that the prosecutrix was an unmarried woman or that she was not the wife of the defendant; that people's exhibit B should not have been admitted; and that the court erred in refusing to permit a witness to be called by the defendant in surrebuttal.

Defendant at the time of the alleged offense was thirty-two years of age. The prosecutrix was sixteen

years of age. Defendant had known prosecutrix for more than one year, his twin sister being her stepmother. The girl had been a visitor in the home of defendant for some two weeks prior to the date of the alleged offense. She accompanied defendant, to whom she referred as her uncle, on a business trip from Kirk, Colorado, to Cheyenne Wells, Colorado. She testified that as they neared the city of Burlington on their return from Cheyenne Wells the defendant consummated an act of sexual intercourse with her in the front seat of the automobile, and that he used a rubber contraceptive. The defendant denied any act of intercourse and offered evidence of a local physician who testified that upon the date in question defendant was suffering from gonorrhea which was then at the height of the inflammatory process and that sexual intercourse by one thus afflicted "would be a rather painful ordeal." The sheriff testified that on the morning following the alleged offense he searched the automobile in which the trip was made and found "a band off one of these rubbers they have been talking about." This paper wrapper was marked exhibit B and, over objection, admitted in evidence. The defendant testified that as they approached Burlington, Colorado, and at a distance of about two miles from the city, the prosecutrix requested him to stop the car in order that she might relieve herself, with which request he complied, and that thereafter he was unable to start the car, whereupon he went to sleep in the back seat and was awakened in the morning by other men who were attempting to get the car started upon the request of the prosecutrix who had spent the night in the front seat of the car.

The people relied upon the testimony of the prosecutrix, her mother, and Sheriff Dunlap. Defendant relied upon his own testimony and that of his mother and the physician who examined him. The only evidence relating directly to the alleged offense was supplied by the

prosecutrix and the defendant, and their testimony is altogether irreconcilable.

Questions to be Determined.

First: *Is there such an absence of corroboration of the testimony of the prosecutrix as to require a reversal of the judgment?*

This question is answered in the negative.

On behalf of defendant it is urged that his conviction should not stand because there was no proper corroboration of the testimony of prosecutrix. His counsel relies upon *Bueno v. People,* 1 Colo. App. 232, 28 Pac. 248, where a reversal in a rape case was ordered because of lack of corroboration of the testimony of the prosecuting witness. The Bueno case involved a charge of forcible rape, and our Court of Appeals therein stated:

"The testimony of the prosecuting witness is so contradictory and contradicted, so at variance with reason and human experience, as to render it worthless."

\* \* \*

"We do not wish to be understood as declaring that no conviction for the crime of rape can be sustained where it rests upon the evidence of the prosecutrix alone, and uncorroborated, but that such cases should be rare indeed. No general rule can be laid down. Each case must depend upon its own merits and surrounding circumstances, and, to a great extent, upon the character of the prosecuting witness."

In *McQueary v. People,* 48 Colo. 214, 110 Pac. 210, we pointed out the distinction between a charge of forcible rape, and one of statutory rape, in so far as the presence of corroborating evidence is concerned. In statutory rape the victim is incapable of consent to sexual intercourse and by reason of immaturity cannot be expected to offer resistance and make complaint as a mature woman would do. Where force is an element of the offense it is to be expected that there will be some injury either to person or clothing and therefore some

tangible evidence corroborating the evidence of prosecutrix.

In *Dickens v. People,* 60 Colo. 141, 152 Pac. 909, in which the defendant was charged with assault to commit rape, our court stated, "Corroboration of the victim's testimony was not essential to support a conviction." It is clear that no fixed rule can be laid down upon the subject of corroboration of the testimony of prosecutrix in a rape case, and the particular circumstances of each case must determine whether the absence of corroboration will defeat the prosecution. In the case at bar prosecutrix definitely and without equivocation testified to the act of sexual intercourse. The discovery of the prophylactic wrapper at the place where found corroborates her statement that defendant made use of a rubber contraceptive.

The verdict in this case was unquestionably reached upon the determination of the jurors of the credibility of the prosecutrix. They accepted her statement of the transaction and rejected that made by defendant. As we stated in *Boegel v. People,* 95 Colo. 319, 35 P. (2d) 855, a case involving a conviction of statutory rape: "The jury saw the girl, observed her demeanor and appearance on the witness stand; they heard her testimony and believed it. They saw Boegel, observed his demeanor and appearance on the witness stand; they heard his testimony and disbelieved it. The jury were the judges of the credibility of the witnesses and of the weight to be given to the testimony of each witness. They found Boegel guilty, and the trial court, by denying the motion for a new trial, approved the verdict. In the circumstances, we cannot interfere with that verdict."

Second: *Does the fact that there is no direct evidence that prosecutrix was unmarried require a reversal of the judgment in the absence of reference to that question in the motion for a new trial?*

The prosecutrix never was asked if she was mar-

ried. Our court held in *Waelchli v. People,* 77 Colo. 147, 234 Pac. 1113, that an essential element in the crime of statutory rape is that the female must be unmarried and not the wife of the person accused; and in *Schreiner v. People,* 95 Colo. 392, 36 P. (2d) 764, it was held that where the information alleges that the prosecutrix is an unmarried female person it is not necessary to charge that she was not the wife of the defendant. In the information in this cause it is alleged that the prosecutrix was "an unmarried female person under the age of 18 years."

We have read all the testimony admitted upon the trial. It is apparent that counsel who then represented defendant, as well as the district attorney, assumed throughout the trial of the case that the prosecutrix was not married. The record fails to disclose that the point was at any time raised before the trial court. While it is true that the status of an unmarried female prosecutrix is an essential ingredient of the crime and must be alleged and proved, it is not absolutely necessary to establish that fact by direct and positive testimony. The unmarried status of the prosecutrix may, like any other fact, be proved by facts and circumstances from which the conclusion may logically be drawn. *Mayer v. People,* 116 Colo. 284, 180 P. (2d) 1017. It is, however, unnecessary for us to determine whether such facts and circumstances are present in the instant case. The failure to raise the question in the trial court is sufficient reason for rejection of the argument advanced for the first time on writ of error.

We stated in *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439: "The obvious purpose of a motion for a new trial is to accord the trial judge a fair opportunity to consider, and correct if necessary, any erroneous rulings and to acquaint him with the specific objection to those rulings. It is equally obvious that attention should be drawn specifically to the alleged objectionable rulings. General objections, such as those here set out in the

motion for new trial and the assignments of error, fall far short of calling to the court's attention any specific error made in connection with its rulings, and, consequently, the questions here argued in support of the assignments of error are not properly presented. *Howard v. People,* 62 Colo. 131, 160 Pac. 1060; *Dickson v. People,* 82 Colo. 233, 259 Pac. 1058."

In resting our determination of this matter upon the rule above quoted there is no reflection on present counsel for defendant, who did not participate in the trial or in the preparation of the motion for a new trial, or in the presentation thereof to the trial court.

We are not unmindful of the rule announced in *Shier v. People,* 116 Colo. 353, 181 P. (2d) 366, that if justice requires the consideration of a question not raised by motion for a new trial the court may properly consider it. We are persuaded that in this cause justice does not require such action on our part; accordingly the question under discussion is answered in the negative.

■ The court did not commit error in admitting exhibit B; the venue of the action was sufficiently proved; and no error was committed in refusing to permit the attorney for defendant to call an additional witness. The district attorney had called the sheriff in rebuttal and at the conclusion of his testimony and after both sides had approved the instructions, the attorney for defendant stated, "I would like to call one more witness in rebuttal." The court then stated, "We do not have any further rebuttal in a criminal case. When the people rest there is no further issue under our statutes." The defendant's attorney made no offer of proof, and did not disclose the identity of the witness whom he desired to call, or make any further statement whatever concerning the purpose for which said witness would be called. Under these circumstances no prejudice to the defendant is shown.

The judgment is affirmed.

Mr. Justice Holland does not participate.