STATE OF VERMONT *v.* MYORVILLE HILLIKER. ·

(97 A2d 119)

February Term, 1953.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and CUSHING, JJ., and HUGHES, Supr. J.

Opinion Filed May 5, 1953. ·

*John H. Webster* for the respondent.

*Robert H. Brown,* State's Attorney, for the State.

CUSHING, J. The respondent was found guilty by a jury in the Franklin Municipal Court of the unlawful possession of a wild deer. Judgment was entered on the verdict, sentence imposed and execution stayed. The matter is before this Court on respondent's exceptions. He briefs three; to the court's refusal to dismiss the information; to the court's charge and to the court's refusal to set aside the verdict.

Viewing the evidence in the light most favorable to the state the jury could reasonably find the following facts. On February 2, 1952, a deer was set upon by dogs in Highgate and badly injured. It was found on the ice on the Mississquoi River by Frank Grennia who drew it onto upper ground. Shortly after Delbert Witham opened the deer, cleaned it out and after it got cold dragged it across the ice to the garage of the Swanton power plant at Highgate Falls, put it inside and locked the door. When the deer was brought to the garage the respondent and Ezra Hakey were in the vicinity of the power plant with a small pickup truck owned by the latter.

After Witham locked the deer in the garage he went home for dinner. His house is on the road from the power plant to the main highway which goes across the bridge to Highgate Center. While eating, Witham saw Hakey's truck in which were the respondent and Hakey drive from the power plant to the main highway and toward the Center. After the truck had driven out of the power plant road Witham went to the garage, found that the lock had been taken off the door and the deer removed.

The following day Hilliker returned to the power plant and told Ward Barney, who was employed there, that "we brought the lock back."

Gilbert Bohannon, a State fish and game warden, was notified of the death of the deer and on the 2nd and 4th of February made an investigation. He examined the Hakey truck and found blood and deer hair inside and deer hair on the running board. Respondent told Bohannon that he and Ezra Hakey dressed off a deer which was brought from the power plant in Ezra's car.

Respondent's motion to dismiss, made at the close of the evidence and subsequent to his motion to set aside the verdict, alleges as the ground therefor that "the state has failed in the trial * * * to introduce any evidence to show that the offense * * * was committed at any spot territorially within the limits of the court's jurisdiction."

Judicial notice is taken of the fact that the Franklin Municipal Court has jurisdiction throughout the County of Franklin, *Hancock v. Town of Worcester,* 62 Vt 106, 108, 18 A 1041 and that the town of Highgate is in Franklin County, *State Treasurer* v. *Bishop,* 39 Vt 353, 356. It was not error to deny the motion.

The exception to the charge briefed by the respondent is without avail as the transcript does not show that any exception was taken. *Macauley* v. *Hyde,* 114 Vt 198, 204, 42 A2d 482.

Respondent's motion to set aside the verdict relies upon six grounds as follows:

> "1. Said verdict is wholly contrary to the evidence in that it found that the respondent was in possession of the deer in the town of Highgate whereas said evidence was to the effect that the possession was in one Hakey in the Town of Swanton."

A motion to set aside the verdict on the ground that it is contrary to the evidence is addressed to the discretion of the trial court. *Russell* v. *Pilger,* 113 Vt 537, 550, 37 A2d 403. In disposing of this ground it was the duty of the court to view the evidence in the light most favorable to the verdict. *Russell* v. *Pilger, supra.* From what we have said previously with respect to the evidence the jury was justified in finding that the deer was in the town of Highgate and in the possession of the respondent and Hakey. No abuse of discretion is alleged nor shown and this ground is without avail.

> "2. The verdict was unsupported by the evidence in that it found the respondent guilty of possession of the deer in the town of Highgate whereas said evidence failed to establish any possession on the part of the respondent at any place within the territorial limits of the area embraced by the court's jurisdiction."

This ground was equivalent to a claim that there was no evidence to support the verdict. It presents a question of law and could not properly be granted if there was any evidence fairly and reasonably tending to justify the verdict. *Macauley* v. *Hyde,* 114 Vt 198, 206, 42 A2d 482. From what has been said herein it is apparent that there was such evidence and the motion on that ground was properly denied.

"3. The verdict was contrary to law in that it established the venue as being in the Town of Highgate whereas there was no evidence offered to prove where the venue might be."

■ Venue means the county where a cause is to be tried and from which the jury is to be taken. *Sullivan* v. *Hall,* 86 Mich 7, 48 NW 646, 647, 13 LRA 556. It is the county in which criminal acts are alleged to have occurred. *Jackson* v. *State,* 187 Ind 694, 121 NE 114, 115; it is the unit for prosecuting offense against the state. *State* v. *Shimman,* 122 Ohio St 522, 172 NE 367, 368, 73 ALR 1502. What we have said with respect to the first and second grounds disposes of this one. The Franklin Municipal Court has jurisdiction throughout Franklin County, and Highgate is in that County.

"4. The evidence in the case failed to establish beyond a reasonable doubt that the respondent was guilty of the illegal possession of a deer in the Town of Highgate in the County of Franklin; it merely showing that the respondent helped the aforementioned Hakey 'to dress a deer' at some spot designated as 'in back of the Waugh Farm' there being nothing from which the jury could find possession on the part of the respondent or that the deer was dressed within the jurisdiction of the court."

■ Suffice it to say that the jury, being the trier of the facts, is the sole judge of the credibility of witnesses and of the weight of their testimony, *LaPierre* v. *Halpin,* 111 Vt 193, 195, 13 A2d 281, and the verdict of guilty was its evaluation of the impact on its judgment of the sufficiency of the evidence. As appears from the facts recited which could have been found by the jury this ground is without merit.

"5. There was no evidence from which it could be found that the respondent and the said Hakey were engaged in a common or joint enterprise."

■ In the court's supplemental charge he characterized the acts of the respondent and Hakey as "a joint enterprise." The respondent did not except and therefore he cannot raise the question by his

motion to set aside the verdict. *Packard* v. *Quesnel,* 112 Vt 175, 179, 22 A2d 164, *Bowler* v. *Miorando,* 112 Vt 363, 365, 24 A2d 351. There was no error in denying the motion on this ground.

> "6. Said verdict was the result of passion, bias and prejudice of the jury and was wholly unsupported by the evidence."

The respondent in his brief argues that because the verdict is not supported by the evidence it is due to passion or prejudice on the part of the jury. The fallacy here is that of "non sequitur." What we have said in discussing the first two grounds of the motion is germane. From the evidence the jury could reasonably reach the verdict returned and a careful study of the transcript fails to disclose one iota of passion, bias or prejudice. This ground is without merit.

*Judgment affirmed. Let execution be done.*