380 P.2d 826

**CITY OF PORTALES, Plaintiff-Appellee,**

**v.**

**Gary Dwayne BELL, Defendant-Appellant.**

**No. 7199.**

Supreme Court of New Mexico.

April 15, 1963.

Chester A. Hunker, Clovis, for appellant.

Jay Morgan, Portales, for appellee.

CARMODY, Justice.

Appellant was convicted in the district court of driving a motor vehicle while under the influence of intoxicating liquor, following his appeal from a like conviction in the city court. This appeal is from a judgment and sentence imposed by the district court.

Two of appellant's four points relate to the claimed failure of proof of the charge, and will be discussed together.

It is claimed that the city failed to prove beyond a reasonable doubt that appellant was "under the influence" as defined in State v. Sisneros, 1938, 42 N.M. 500, 82 P.2d 274, or that the offense was committed within the limits of the city of Portales.

A discussion of the evidence is not necessary, as our review of the testimony convinces us that there was substantial evidence to justify the finding of guilt by the trial court.

The fact that appellant had only "two or three beers" and was able to drive his car at 100 m. p. h. without losing control does not negative the proof submitted by the city, nor make it any less substantial. Cf. State v. Truelock, 1962, 70 N.M. 389, 374 P.2d 141. Also, the fact that the city's witnesses could not actually testify that the appellant was the person operating the automobile within the city limits was not necessarily required, in view of the constant

pursuit and the testimony that the appellant was the operator of the car when it was finally brought to a stop, even though some fourteen miles outside of the city limits.

Appellant then urges a reversal because of the action of the trial court in calling, on its own initiative, one of the defendant's witnesses prior to the presentation of the defendant's case. The city had presented two witnesses and sought to call one of the witnesses who had been sworn on behalf of the appellant. Appellant's counsel objected, because the city attorney announced that he wished to call the witness as an "adverse witness." There had been no showing that the witness was adverse, even though having been sworn by the defendant, and the court expressed doubt as to the right of the city to question a witness under this procedure, whereupon the trial judge placed the witness on the stand and proceeded to examine him. The examination, all by the court, was quite brief, and generally related to the circumstances prior to the actual arrest. There was no cross-examination attempted by either party. The testimony thus adduced, however, did serve to corroborate the testimony of one of the prior witnesses, that the appellant had been the operator of the car and that he had consumed two or three beers.

■ Although we do not look with favor upon the action of the trial court in this instance, it should be noted that there is no prohibition which would prevent the prosecutor from calling such a witness, although in so doing he would have made the witness his own and would have no right to cross-examine him unless it was shown to the satisfaction of the court that the witness was adverse. However, this is not the circumstance here.

■■ The trial judge has a wide discretion in the conduct of a trial, and it is a permitted practice for the trial judge, in a civil proceeding, to call a witness where necessary, in order to arrive at the truth of the matter. However, in a criminal proceeding, such a practice should rarely be followed, as the court must be extremely careful to preserve an attitude of impartiality. United States v. Marzano (2d Cir., 1945), 149 F.2d 923. One of the rare cases where the action of the trial judge in calling a witness in a criminal case has been approved was when the prosecuting attorney informed the court that the witness was available, but the prosecutor declined to call him because he could not vouch for his truthfulness and veracity. Young v. United States (5th Cir., 1939), 107 F.2d 490. Accord, United States v. Lutwak (7th Cir., 1952), 195 F.2d 748; Kissic v. State, 1957, 266 Ala. 71, 94 So.2d 202, 67 A.L.R.2d 530; cf. 5 Jones on Evidence 4460, § 2287.

■ We do not believe that the action of the trial court, under the circumstances, was

error. The trial was to the court alone, and the action was well within the discretion of the court. See Annotation and cases cited therein, 67 A.L.R.2d 538, § 2 at page 540. We would observe, however, that the discretionary power of the court to call a witness is one that should be exercised cautiously and is fraught with great danger which might improperly influence a jury if it were present. Accord State v. Loveless, 1957, 142 W.Va. 809, 98 S.E.2d 773.

■ Appellant's final contention is that the court erred in assessing costs in the amount of $75.00 against the appellant, in addition to his sentence, with the following comment:

> "The reason for this amount of costs, is the fact that the county has been put to unusual expense in having a non-resident judge to come in and try your case."

The statute (§ 41–13–4, N.M.S.A.1953) merely provides that costs shall be assessed against the defendant, but it does not specify what are the particular items of costs. It seems to be the general rule that costs of prosecution do not include the general expense of maintaining a system of courts and the administration of justice. 20 C.J.S. Costs § 454, p. 694. Nevertheless, where an item of costs has a direct relation to the case being tried, we see no objection to its being assessed against the defendant. In this particular case, the statute provides for reimbursement of the district judges for their actual and necessary travel expenses, hotel bills, and other necessary incidental expenses (§ 16–3–33, N.M.S.A.1953). Our statutes also make provision for reimbursement for other expenses. We take the view that the costs, as mentioned by the trial judge in this case, are not improper, and may be assessed against a defendant where such assessment is reasonable as an incident to the trial of the case itself. There is no showing in the record that the costs as assessed were unreasonable, or that the trial court abused its discretion in this regard.

Appellant's contentions are without merit and the case will be affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.