420 P.2d 438

**CITY OF ROSWELL, New Mexico, Plaintiff-Appellee,**

v.

**Robert Lucero GALLEGOS, Defendant-Appellant.**

**No. 8013.**

Supreme Court of New Mexico.

Nov. 21, 1966.

Osborn & Laughlin, Roswell, for appellant.

James B. Stapp, Roswell, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The appellant was charged with the illegal sale of alcoholic liquor in violation of a municipal ordinance. Trial in the municipal court resulted in a conviction. Thereafter, there was an appeal to the district court of Chaves County where the case was again tried and ended in a finding of guilty by the court. From that conviction and sentence the appeal to this court followed.

In the trial before the district court two witnesses were heard on matters germane to the issues. One was a city policeman, the other was the defendant. The testimony was succinct. The appellant here relies upon three propositions for reversal and neither the appellant nor the city have submitted any authorities for their respective positions.

**172**

■ The appellant first complains that the appellee failed to lay the proper predicate for the introduction of the evidence on which appellant's conviction is founded and that the trial court erred in admitting or considering said evidence. From the appellant's arguments and statements in his brief we surmise that the evidence objected to was the brown paper bag containing one pint of vodka and four cans of beer. We cannot say that this is the evidence on which the conviction was based inasmuch as the city policemen had previously testified concerning the purchase of the items from the defendant and it was stipulated that the defendant had no license for the sale of alcoholic liquor. Further, the appellant expressly waived inquiry as to the alcoholic nature of the contents of the exhibit. If the trial court believed the city policeman there was sufficient evidence to sustain the conviction without the exhibit. Argument by the appellant indicates that considerable reliance is based upon the alleged error committed by the court in examining the witness prior to the reception of the exhibit into evidence. In City of Portales v. Bell, 72 N.M. 80, 380 P.2d 826, we had occasion to comment on the propriety of a trial judge to question a witness. The trial judge has a wide discretion in the conduct of a trial and the examination here neither discloses nor indicates any partiality. We find no error was committed by the trial court either in examining the witness or admitting the exhibit into evidence. Even if the admission of the exhibit into evidence was error it would not be available here unless it appears that the trial court relied upon it in reaching its decision. Moore v. Moore, 28 N.M. 463, 214 P. 585.

■ The second point advanced by the appellant is that the evidence was insufficient to prove beyond a reasonable doubt that the appellant was guilty of the charge. We have reviewed the record and see no good reason for repeating it here. We agree with the trial court's appraisal of the evidence.

Lastly, it is urged that the conviction and sentence should be reversed because the appellee failed to prove that the crime was committed within the corporate limits of the city of Roswell.

■■ The fact asserted by the appellant as to the absence of proof is correct. The record does not contain any evidence that the alleged offense was committed within the corporate limits of the city. N.M.Const. art. 2, Sec. 14, gives the accused in all criminal prosecutions the right to trial in the county or district in which the offense is alleged to have been committed. Although a prosecution for violation of a municipal ordinance is a quasi-criminal proceeding, City of Clovis v. Curry, 33 N.M. 222, 264 P. 956, we entertain no doubt but that the prosecution must be laid in the municipality where the violation presumably occurred.

On the other hand, this right of the appellant was waived by his failure to make timely objection. His objection now comes too late. State v. Shroyer, 49 N.M. 196, 160 P.2d 444.

Finding no reversible error, the judgment is affirmed.

It is so ordered.

CHAVEZ, J., concurs.

NOBLE, Justice (concurring specially).

I concur in the result reached by the majority and with the opinion as far as it goes. However, in my view, a determination that failure to prove venue is waived by not making a timely objection only partly resolves the question presented by the failure of the prosecution to establish that the offense was committed within the corporate limits of the City of Roswell. In addition to venue, the question also presents the contention of failure of the proof to support the verdict of guilt.

Venue is merely the geographic division where a cause or prosecution must be brought and tried. Bledsoe v. State, 223 Ind. 675, 64 N.E.2d 160. It, however, is a privilege which may be lost by failure to assert it seasonably. State v. Shroyer, 49 N.M. 196, 160 P.2d 444. In the case of an alleged violation of a state statute, venue means the county or unit designated by law for prosecuting an offense against the state. State v. Hilliker, 117 Vt. 569, 97 A.2d 119.

The charge here is the violation of a municipal criminal ordinance. Even though the acts, if committed within the corporate limits, would violate the ordinance, the same acts done outside the municipality would not be a violation of the municipal law. It follows that the guilt of the defendant can only be established by proof that the acts were done within the corporate limits. But, the objection that there was insufficient evidence to support the verdict comes too late and cannot be considered on appeal where the failure of proof of guilt was not called to the attention of the trial court by an appropriate motion. State v. Garcia, 19 N.M. 414, 143 P. 1012. See also, Brown v. People, 120 Colo. 493, 210 P.2d 837.

I agree that the judgment appealed from should be affirmed.