444 P.2d 1001

STATE of New Mexico, Plaintiff-Appellee,

v.

Celso FAVELA, Defendant-Appellant.

No. 142.

Court of Appeals of New Mexico.

Aug. 9, 1968.

Joe H. Galvan, Las Cruces, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant appeals from his convictions of unlawful possession and unlawful sale and delivery of marijuana. The same marijuana was involved in both offenses, and both offenses were committed on the same day as parts of one continuous transaction.

Under his first point he contends the evidence was insufficient to support the verdict of guilt of possession. He relies particularly upon the case of State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960), and urges that the evidence fails to support any of the following essential elements of the offense of possession:

(1) Physical or constructive possession of marijuana;

(2) Knowledge of the presence of marijuana;

(3) Knowledge that the substance was marijuana.

▉ This court's evaluation of the evidence is limited to a determination of whether or not it substantially supports the verdict, and in making this determination we view the evidence in the light most favorable to the State, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct. App.1967); State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967).

Here the evidence shows that:

(1) On January 14, 1967, defendant was riding in an automobile with two companions, Samuel Soliz and Manuel Verdugo. Soliz was driving and defendant was sitting in the right front.

(2) They drove to the residence of Juan Gallegos, a police informant. Officer Arthur Sedillo, an undercover narcotics agent with the New Mexico State Police, was at the Gallegos' residence.

(3) Officer Sedillo and Gallegos walked out to the automobile.

(4) Defendant never got out of the automobile, but introduced himself to Officer Sedillo as "El Maestro."

(5) A conversation was had in which Officer Sedillo and Gallegos expressed a desire to purchase marijuana.

(6) In the presence of defendant, Officer Sedillo handed $20.00 to Gallegos, who in turn handed it to Soliz.

(7) Soliz then asked defendant to give him the marijuana. The defendant reached into the back seat of the automobile, picked up a folded jacket and handed it to Soliz.

(8) Soliz removed a large number of what appeared to be homemade cigarettes from a pocket in the jacket. He counted out forty-three of these cigarettes as he handed them to Gallegos, who in turn recounted them as he handed them to Officer Sedillo.

(9) As the counting was going on, Officer Sedillo was talking with defendant, and he offered defendant a cup of coffee.

Defendant, in response to this offer, stated: "No, we don't have time, we have to go sell some more." He also told Officer Sedillo that in the event they wanted to obtain some more marijuana, to contact either Soliz or Verdugo.

(10) A week later Officer Sedillo encountered defendant, Soliz, Verdugo and others at a bar. Defendant asked Officer Sedillo how he liked the marijuana.

(11) The contents of the cigarettes was positively identified by Officer Sedillo and a qualified chemist as being marijuana.

▉ This evidence clearly establishes (1) that defendant knew marijuana was present, (2) that he knew the substance in the cigarettes was marijuana, (3) that he was at least in joint possession of the cigarettes, and (4) that he was at least a joint participant in the sale of the cigarettes to Officer Sedillo and Gallegos.

▉ Exclusive possession of the marijuana by defendant was not required in order to support his conviction. State v. Hunt, 91 Ariz. 149, 370 P.2d 642 (1962); Rideout v. Superior Ct. of Santa Clara County, Cal., 62 Cal.Rptr. 581, 432 P.2d 197 (1967); Gallegos v. People, 139 Colo. 166, 337 P.2d 961 (1959); Davila v. State, 169 Tex.Cr.R. 502, 335 S.W.2d 610 (1960); State v. Weiss, 73 Wash.2d 379, 438 P.2d 610 (1968). See also State v. Giddings, supra.

Defendant's second point is that:

"The court erred in admitting State's exhibit 1 since defendant had not been connected to the exhibit and no foundation had been laid prior to the admission of the exhibit in evidence."

This exhibit consisted of the forty-three marijuana cigarettes to which reference is above made.

▉ Defendant must fail under this point for two reasons. First, all the evidence recited above, except the identifications of the contents of the cigarettes by Officer Sedillo and the chemist, had been adduced before the exhibit was offered and received into evidence. This evidence, which had been

adduced, clearly connects defendant with the cigarettes, and shows that he knew they contained marijuana.

Secondly, the entire objection made was, "no proper foundation." This objection is too general, and, in the absence of something more to alert the mind of the trial court to the particular point of the objection, the overruling of the objection cannot be made the basis of reversible error. Henderson v. Dreyfus, 26 N.M. 541, 191 P. 442 (1919); Russell v. Pitts, 105 Ga.App. 147, 123 S.E.2d 708 (1961); Hobbs v. Union Pac. R. Co., 62 Idaho 58, 108 P.2d 841 (1941); Fuerst v. St. Louis Public Service Co., 368 S.W.2d 550 (Mo. App.1963). See also L. & B. Equipment Co. v. McDonald, 58 N.M. 709, 275 P.2d 639 (1954); McKenzie v. King, 14 N.M. 375, 93 P. 703 (1908).

Defendant's third point is that:

"The evidence was insufficient to establish that the defendant was a party to the sale of marijuana."

He cites as his authority the statement made in State v. Johnson, 57 N.M. 716, 263 P.2d 282 (1953), that mere presence during the commission of a crime is insufficient to establish guilt.

It is apparent that the above recited evidence establishes more than the mere presence of the defendant during the consummation of the sale of marijuana. In our opinion, the evidence would clearly support a finding that he was in charge and directing the sale. And, in any event, it supports a finding that he was at least counseling, aiding and abetting in its consummation, and was sharing a criminal intent and community of purpose with Soliz and Verdugo. This was sufficient connection with the sale to constitute him a principal. Section 41-6-34, N.M.S.A.1953; State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966).

Defendant's final point is that he:

"* * * was prejudiced by and the court erred in participating in the presentation of the State's case and in the familiar manner in which the court addressed the State's witness, Arthur M. Sedillo."

As above stated, Officer Sedillo is a narcotics agent with the New Mexico State Police. He works largely under cover and has testified in many cases. After the cigarettes—State's exhibit 1—had been received into evidence, the officer was asked as an expert to identify the contents thereof. During this portion of the questioning the court asked five questions of the witness. Four of these questions were asked for the purpose of eliciting his qualifications, and the fifth concerned his opinion as to the contents of the cigarettes.

The testimony of this witness and of the chemist, as well as the references to marijuana by defendant himself, all established, without the slightest contradiction, that the contents of the cigarettes was marijuana. The defendant could not have been prejudiced by the information elicited by the court, and the court did not exceed the bounds of propriety in asking the questions. See City of Roswell v. Gallegos, 77 N.M. 170, 420 P.2d 438 (1966); State v. Sedillo, 76 N.M. 273, 414 P.2d 500 (1966).

It is true that the court, in asking the first question, addressed the witness by his first name. This was an impropriety on the part of the court, but it was in no way questioned at the time, and, in our opinion, was of such minor significance that we are unable to ascribe to it any improper suggestion by the court or improper effect upon the jury.

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.